UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Cohen, Jr.,

            Petitioner,    Case No. 17-cv-10976

v.                              Judith E. Levy
                              United States District Judge
Shawn Brewer,
                              Mag. Judge Elizabeth A. Stafford
            Respondent.

_____/

## ORDER DENYING AS MOOT PETITIONER'S MOTION TO WAIVE FEES [3] AND DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL [4]

Petitioner James Cohen, Jr., a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Currently before the Court are Petitioner's motions to waive the fees for this action and to appoint counsel. (Dkts. 3, 4.)

### *Motion to Waive Fees*

Petitioner has moved to have the Court waive the fees for this action. He also filed an application to proceed *in forma pauperis* (Dkt. 2),

which Magistrate Judge R. Steven Whalen granted on April 4, 2007. (Dkt. 7.)

Accordingly, Petitioner's motion to waive the fees (Dkt. 3) for this action is DENIED AS MOOT.

### *Motion for Appointment of Counsel*

Petitioner seeks appointment of counsel on the basis that the issues in his petition are complex, and that he was denied effective assistance of trial and appellate counsel in state court.

There is no constitutional right to appointment of counsel in a collateral attack on a state-court conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Id.* Thus, "there is no constitutional right to counsel in habeas proceedings." *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991)).

"[A]ppointment of counsel in a civil proceeding . . . is justified only in exceptional circumstances. To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent himself." *Lanier v. Bryant*, 332 F.3d

999, 1006 (6th Cir. 2003) (quotation marks and citations omitted). "Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required." *Losee v. Vasbinder*, Case No. 07-cv-14421, 2009 WL 368104, at *1 (E.D. Mich. Feb. 12, 2009) (citing *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).

Petitioner has filed a petition for a writ of habeas corpus, arguing he is entitled to relief on four grounds. (Dkt. 1.) He included a number of exhibits, and the petition and materials total 166 pages. Petitioner therefore has the means and ability to present his claims to this Court. Further, no responsive briefs or Rule 5 materials have been filed, so the Court cannot determine whether an evidentiary hearing should be held. Thus, the interests of justice do not, at this time, require appointment of counsel.

Accordingly, Petitioner's motion for appointment of counsel (Dkt. 4) is DENIED WITHOUT PREJUDICE. Petitioner may renew the request for counsel after the responsive briefs and Rule 5 materials have been filed.

IT IS SO ORDERED.

Dated: July 19, 2017             s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 19, 2017.

                                         s/Shawna Burns
                                         SHAWNA BURNS
                                         Case Manager