UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Cohen, Jr.,

        Petitioner,    Case No. 17-cv-10976

v.                                Judith E. Levy
                                  United States District Judge

Shawn Brewer,
                                  Mag. Judge Elizabeth A. Stafford
       Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [12], DENYING PETITIONER'S MOTION TO AMEND THE PETITION AND FOR A STAY AS MOOT [11], DENYING CERTIFICATE OF APPEALABILITY, AND <u>GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

Petitioner James Cohen, Jr., a state prisoner at the Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* habeas corpus petition challenging his convictions for second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b. Also before the Court are Respondent Shawn Brewer's motion for dismissal of the petition and Petitioner's motion to amend the petition and hold it in abeyance. Because this petition is time-barred,

Respondent's motion is granted, the habeas petition is dismissed, and the motion for a stay or to hold the petition in abeyance is denied as moot.

## I. Background

Petitioner was charged in Wayne County, Michigan with one count of first-degree murder and one count of felony firearm. Following a bench trial in Wayne County Circuit Court in April 2013, the trial court found Petitioner guilty of second-degree murder, as a lesser offense of first-degree murder, and felony firearm. Petitioner moved for a new trial on grounds that the trial court: (1) failed to consider the lesser offense of voluntary manslaughter; (2) improperly rejected the defense of self-defense; and (3) failed to consider the defense of imperfect self- defense. On August 12, 2013, the trial court denied Petitioner's motion and sentenced Petitioner to twenty-five to thirty-five years in prison for the murder conviction and two years in prison for the felony-firearm conviction.

Petitioner did not file an appeal as of right, but at some point, he requested appointment of appellate counsel, and on May 28, 2014, Wayne County Circuit Judge Michael M. Hathaway granted Petitioner's request. Petitioner apparently lost contact with the appointed attorney, and on

2

September 15, 2014, Wayne County Circuit Judge Robert J. Colombo, Jr., appointed attorney Arthur James Rubiner to assist Petitioner with post-conviction proceedings.

On September 11, 2015, Mr. Rubiner filed a motion for relief from judgment on Petitioner's behalf. He argued that: (1) the trial court deprived Petitioner of his constitutional rights when it permitted the prosecution to admit his out-of-court statements in evidence; (2) Petitioner was deprived of due process when his handgun was linked to bullets found at the crime scene; (3) the trial court deprived Petitioner of due process when it rejected his claim of self-defense; (4) Petitioner was deprived of effective assistance of counsel when trial counsel failed to vigorously pursue the issue of self-defense; (5) Petitioner's waiver of a jury trial was involuntary; and (6) the trial court did not sufficiently ascertain whether Petitioner's waiver of a jury trial was knowing and voluntary.

The trial court denied Petitioner's motion after concluding that Petitioner had showed no bases for relief from judgment. *People v. Cohen*, No. 13-000518-01-FC (Wayne Cty. Cir. Ct. Dec. 9, 2014). Petitioner appealed the trial court's decision, but the Michigan Court of Appeals

denied leave to appeal because Petitioner had failed to establish that the trial court erred in denying his motion for relief from judgment. *See People v. Cohen*, No. 330777 (Mich. Ct. App. Apr. 6, 2016). On November 30, 2016, the Michigan Supreme Court denied leave to appeal because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Cohen*, 500 Mich. 897; 887 N.W.2d 400 (2016).

On March 15, 2017, Petitioner signed and dated his habeas petition, raising the first four claims that he presented to the state court in his motion for relief from judgment. He subsequently moved to amend his habeas petition and for a stay of the federal proceeding while he exhausted state remedies for the new claim that he was deprived of his appeal of right and the assistance of counsel for that appeal.

Respondent then moved to dismiss the petition on the basis that Petitioner's claims are barred from substantive review by the applicable statute of limitations. Petitioner replied that his petition is timely and, in the alternative, the Court should equitably toll the limitations period because he was deprived of a direct appeal and timely appointment of counsel for a direct appeal.

## II. Analysis

### a. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (citing 28 U.S.C. § 2244(d)(1)), *cert. denied sub nom. Woods v. Holbrook*, 137 S. Ct. 1436 (2017). The limitations period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.' " *Holbrook*, 833 F.3d at 615 (quoting 28 U.S.C. § 2244(d)(2)).

### i. *28 U.S.C. § 2244(d)(1)(A)*

"AEDPA generally requires a federal habeas petition to be filed within one year of the date on which the judgment became final by the conclusion of direct review." *Kholi*, 562 U.S. at 549 (citing 28 U.S.C. § 2244(d)(1)(A)). "Direct review" concludes, for purposes of § 2244(d)(1)(A), when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

6

Petitioner was sentenced on August 12, 2013. The deadline for filing a delayed appeal from his convictions was six months later on February 12, 2014. Mich. Ct. R. 7.205(G)(3). Because Petitioner did not pursue a direct appeal, his convictions became final on February 12, 2014, when the time for pursuing a direct appeal in state court expired. *Gonzalez*, 565 U.S. at 150. The statute of limitations began to run on the following day, *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it ran uninterrupted for one year, until February 12, 2015. Petitioner did not file his habeas petition until two years later.

Although Petitioner filed a motion for relief from judgment in September 2015, the limitations period had already expired by then. The motion did not revive the limitations period or restart the clock at zero, because the tolling provision of § 2244(d)(2) can only pause a limitations period that has not already run. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)). Thus, the petition is untimely under § 2244(d)(1)(A).

    ii.  *Delayed Starts under 28 U.S.C. §§ 2244 (d)(1)(B)-(D)*

As noted above, the limitations period can run from a date other than the date on which the Petitioner's convictions became final.

7

However, Petitioner is not relying on a newly recognized constitutional right, and he is not claiming to have newly discovered evidence. Therefore, 28 U.S.C. §§ 2244(d)(1)(C) and (D) do not apply here.

Petitioner does allege that his petition should be considered timely because the state trial court deprived him of an appeal of right and did not appoint appellate counsel for him in a timely manner. The statute of limitations can run from the date on which an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). But to the extent that Petitioner is invoking § 2244(d)(1)(B), his argument that state action prevented him from exercising his rights lacks merit. First, the record does not support Petitioner's contention that the state court lost or misplaced his claim of appeal and his request for appointment of appellate counsel. Instead, it appears that Petitioner was provided with an appellate-rights form at his sentencing on August 12, 2013, and that he did not formally request appointment of counsel until May 28, 2014, more than nine months later. *See* 8/12/13 Sentencing Tr., p. 35 (Dkt. 13-4, Page ID 624); *People v. Cohen*, No. 13-000518-01-FC (Wayne Cty. Cir.

8

Ct. May 28, 2014) (Dkt. 1, Exs. F and G, Page ID 36-37) (Judge Hathaway's order, which indicates that Petitioner acknowledged receipt of a form notifying him of his right to appellate review and to request appointment of counsel when he was sentenced); *People v. Cohen*, No. 13-000518-01-FC (Wayne Cty. Cir. Ct. Sept. 15, 2014) (Dkt. 1, Ex. J, Page ID 40) (Judge Colombo's order, which indicates that Petitioner requested appointment of counsel on May 28, 2014); *People v. Cohen*, No. 13-000518-01-FC (Wayne Cty. Cir. Ct. Sept. 11, 2015) (Dkt. 1, Ex. K, Page ID 41) (Petitioner's Mot. for Relief from J., which states that a claim of appeal was not filed in the trial court because Petitioner's request for counsel was untimely).

Second, even assuming Petitioner made a timely written request for appointment of counsel and the state trial court lost or misplaced his request, both state court judges appointed counsel for Petitioner before the federal statute of limitations expired. Petitioner had almost five months after the second order for appointment of counsel was entered on the docket to file a motion for relief from judgment, which would have tolled the limitations period. He could have simultaneously filed a federal

9

habeas corpus petition and requested a stay of the federal proceeding until he exhausted state remedies for his claims.

Accordingly, no unconstitutional state action prevented Petitioner from filing a timely habeas petition. Therefore, Petitioner is not entitled to a delayed start to the limitations period under 28 U.S.C. § 2244(d)(1)(B).

> b. Equitable Tolling

The Supreme Court has held that the habeas statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner alleges that he has been diligent in pursuing his right. He contends that he requested appointment of counsel immediately after his sentencing, but that his efforts were thwarted by state officials. He further alleges that he is ignorant of the law and that the trial court's failure to provide him with an appeal of right and counsel for the direct

appeal constitutes an extraordinary circumstance. He maintains that, without counsel, he was incapable of filing any pleadings in state court.

Even assuming Petitioner was diligent in pursuing his rights, his *pro se* status does not qualify as an "extraordinary circumstance." *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012); *accord Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 464 (6th Cir. 2012) (noting that the prisoner's "*pro se* status and lack of knowledge of the law [were] not sufficient to constitute an extraordinary circumstance and to excuse his late filing"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (stating that "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"). Petitioner has not carried his burden of showing that some extraordinary circumstance prevented him from filing a timely habeas petition. Thus, he is not entitled to equitable tolling of the limitations period.

### III. Conclusion

For the reasons set forth above, the habeas petition is time-barred and the Petitioner is not entitled to equitable tolling of the limitations period. Accordingly, Respondent's motion for dismissal of the petition

(Dkt. 12) is GRANTED, the habeas petition (Dkt. 1) is DISMISSED WITH PREJUDICE, and the motion to amend the petition and to stay the federal proceedings (Dkt. 11) is DENIED as moot.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's underlying claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 US. 473, 484 (2000).

Reasonable jurists could not disagree with the procedural ruling in this case, nor conclude that the issues deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

"The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which

12

requires showing that the appeal is not frivolous." *Foster v. Ludwick*, 208 F. Supp.2d 750,764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)); *see also* 28 U.S.C. 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Showing that an appeal is not frivolous "does not require a showing of probable success." *Thomas v. Jackson*, No. 06-13105-BC, 2007 WL 1424603, at *1 (E.D. Mich. May 14, 2007).

Even though Petitioner is very unlikely to be successful in appealing the statute of limitations decision in this case, the underlying substantive issues are not frivolous. There were issues in the state court process, in which plaintiff did not have a direct appeal and lost touch with his appointed appellate counsel for four months. But, although these issues are not frivolous, they have no bearing on whether Petitioner complied with the statute of limitations for seeking relief in federal court, which is the basis of the decision here. Accordingly, even though plaintiff is not granted a certificate of appealability, he is GRANTED permission to proceed *in forma pauperis* on appeal if he chooses to appeal this

decision.

IT IS SO ORDERED.

Dated: May 14, 2018  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2018.

s/Shawna Burns  
SHAWNA BURNS  
Case Manager